FILED'09 NOV 24 15:22USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE EDWARD SAYRE,

          Plaintiff,

   v.

JACKSON COUNTY, OREGON; GRANT
FORMAN; and JENNIFER ANDERSON,

        Defendants.

Civil No. 08-3035-CL

ORDER

CLARKE, Magistrate Judge:

Plaintiff alleges a section 1983 claim for violation of his civil rights and alleges pendent state claims, seeking economic and non-economic damages, punitive damages, and attorney's fees and costs. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties have executed written consents to entry of judgment by a magistrate judge (## 17, 18, 20). 28 U.S.C. § 636(c). Before the court is defendants' motion for partial summary judgment (#26). For the reasons explained, defendants' motion is granted in part and denied in part.

## LEGAL STANDARDS

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

1  - ORDER

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002).

The court cannot weigh the evidence or determine the truth but may only determine whether

there is a genuine issue of fact.  Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir.

2002).  An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party.'"  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th

Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof.  Celotex Corp. v. Catrett, 477

U.S. 317, 322-24 (1986).  The moving party meets this burden by identifying for the court

portions of the record on file which demonstrate the absence of any genuine issue of material

fact.  Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  In assessing

whether a party has met its burden, the court views the evidence in the light most favorable to

the non-moving party.  Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).  All

reasonable inferences are drawn in favor of the non-movant.  Gibson v. County of Washoe, 290

F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then

shifts to the opposing party to present specific facts which show there is a genuine issue for

trial.  Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995);

see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986).  Summary judgment

should be granted for the movant, if appropriate, in the absence of any significant probative

evidence tending to support the opposing party's theory of the case.  Fed. R. Civ. P. 56(e); THI-

Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l

Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968).  Conclusory allegations, unsupported by

factual material, are insufficient to defeat a motion for summary judgment.  Taylor v. List, 880

F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by affidavit or as otherwise

provided by Rule 56, designate specific facts which show there is a genuine issue for trial.

Devereaux, 263 F.3d at 1076.

## FACTS

Construing the facts in the light most favorable to the non-movant, the following facts

are undisputed[1]:

Defendants, Deputy Forman and Deputy Anderson, were dispatched to 3990 E.

Antelope Road, Eagle Point, because of a duress alarm call from that residence.  (Declarations

of Forman and Anderson.)

Prior to Defendants' arrival, Plaintiff did not know that a duress alarm call had issued

from his residence's alarm system.  (Deposition of Plaintiff, p. 32.)

Plaintiff, who was in front of his house, told Deputy Anderson that someone else was in

the house.  (Deposition of Plaintiff, pp. 27, 31-32.)  Deputy Anderson asked Plaintiff to let her

check the house.  Plaintiff agreed.  (Deposition of Plaintiff, p. 31.)

Both Deputy Forman and Deputy Anderson recall that Plaintiff was agitated.

(Declarations of Forman and Anderson.)  Deputy Forman recalls Plaintiff stating that the

---

[1]    Defendants cite to the deposition of plaintiff in their concise statement, but did not attach any deposition pages in support to their motion.  However, plaintiff disputes only paragraphs 8 and 9 of defendants' concise statement.

3  - ORDER

deputies needed to leave Plaintiffs property before he did something they would both regret. (Declaration of Forman.)

Plaintiff then walked toward the garage.  (Deposition of Plaintiff; Declaration of Forman.)  Deputy Forman grabbed plaintiff's arm.  (Declarations of Forman and Anderson.)

Deputy Forman and Deputy Anderson recall Plaintiff resisting physically when Deputy Forman grabbed Plaintiff's arm.  (Declarations of Forman and Anderson.)  A physical altercation ensued.  (Deposition of Plaintiff, pp. 35-36; Declarations of Forman and Anderson.)

Deputy Forman handcuffed Plaintiff.  (Declaration of Forman.)

Deputy Anderson cited Plaintiff for interfering with a peace officer.  (Declaration of Anderson.)

Plaintiff went to trial for interfering with a peace officer on February 24-25, 2009.  That trial ended in a hung jury.  (Affidavit of Mitton.)

Plaintiff went to trial again for interfering with a peace officer on April 21-22, 2009. Plaintiff was acquitted.  (Affidavit of Mitton.)

## DISCUSSION

### Claim for Malicious Prosecution and Claim for False Arrest/False Imprisonment

In the pretrial order lodged with the court, plaintiff alleges that defendants initiated and caused him to be charged with interference with a police officer when the officers did not have probable cause or lawful justification for initiating and causing the charges to be filed, constituting common law malicious prosecution.  (#20 Lodged Pretrial Order at 6-7.)

Malicious prosecution is:

"(1) the institution or continuation of the original criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; 4) malice in instituting the proceedings; (5) lack of probable cause for the proceeding; and (6) injury or damage because of the prosecution."

Blandino v. Fischel, 179 Or. App. 185, 190-91 (2002) (quoting Rose v. Whitbeck, 277 Or. 791, 795, modified, 278 Or. 463 (1977). Defendants move for summary judgment on the ground that no genuine issue of material fact exists as to the element of "lack of probable cause for the proceeding."

Whether defendant had probable cause is a matter for the court to decide rather than the jury. Gustafson v. Payless Drug Stores Nw., Inc., 269 Or. 354, 357 (1974). In the context of a malicious prosecution claim, the element of "probable cause" means the subjective and objectively reasonable belief that defendant committed a crime. Blandino, 179 Or. App. at 192. Here, plaintiff was cited for interfering with a peace officer, and went to trial on that charge. Defendants contend that they subjectively and objectively believed that plaintiff committed the crime of interference with a peace office because plaintiff "Refuse[d] to obey a lawful order [to stop] by a peace officer . . . ." ORS 162.247(1)(b). Defendants offer evidence that, when plaintiff walked to the garage, defendant Forman told him to stop and then grabbed his arm. (Forman Decl. at 2; Anderson Decl. at 2.) However, plaintiff points to evidence that no such order was given. Plaintiff testified at the first trial that he stayed outside with defendant Forman:

Q:    What were you doing?
A:    We were just standing outside on the sidewalk.
Q:    And you said that you opened up your garage door?
A:    Yes, because as soon as they left I wanted to go in and start to work in the garage.

5  - ORDER

Q:    And when you entered the pickup to do that, was Deputy Forman present?
A:    Yes.
Q:    Did he try to stop you in any way from doing that?
A:    No.
Q:    Did he have any conversation with you about what you should or shouldn't do?
A:    No.
Q:    Did he have any conversation with you?
A:    No.

(Nov. 9, 2009 Mitton Aff. Attach. Trial Tr. 204, Feb. 25, 2009.)[2]  Despite defendants' argument that this testimony does not raise a genuine issue of material fact as to whether the deputies subjectively believed that a stop order was issued, the court finds that the reasonable inference from plaintiff's testimony at trial was that no stop order was given before defendant Forman grabbed his arm.  The question whether a stop order was given affects the question whether it was subjectively or objectively reasonable to believe that defendant committed the crime of interfering with a peace office by refusing to obey a lawful order.  See Blandino, 179 Or. App. at 191.  Accordingly, a genuine issue of material fact exists which must be determined by a jury before the court may determine whether defendants had probable cause to cite and/or initiate proceedings against plaintiff.  See Gustafson, 269 Or. at 357-58.

Although the court has determined that a genuine issue of material facts exists as to whether defendants Forman and Anderson had probable cause to cite plaintiff and/or initiate the criminal proceeding against him, it will address defendants' contention that the hung jury in plaintiff's first trial establishes probable cause for plaintiff's prosecution for interfering with a peace officer.  In making this argument, defendants rely on Second Circuit cases applying New

_____

[2]    Plaintiff refers to this evidence in his opposition to defendants' motion, but he did not attach any evidence.  The referenced evidence is attached to defendants' reply brief.

York law. The Second Circuit in <u>Singleton v. City of New York</u>, 632 F.2d 185, 193-94 (2d Cir. 1980), determined that the jury's inability to reach a verdict "confirm[ed] that there surely was probable cause for his prosecution and indicating at least a real possibility that upon retrial he might be convicted." <u>See</u> <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 417 & n.2 (2d Cir. 1999). As defendants assert, there does not appear to be any Oregon or Ninth Circuit cases addressing probable cause in the case of a trial resulting in a hung jury. However, the court is not persuaded by the reasoning of <u>Singleton</u> that a hung jury establishes the element of probable cause for prosecution. <u>Singleton</u> is distinguishable on its facts since, in this case, on retrial, plaintiff was acquitted of the charge of interfering with a peace officer. The court declines to apply <u>Singleton</u> to the facts of this case.

Defendants' motion for summary judgment as to plaintiff's malicious prosecution claim is denied.

Plaintiff also alleges that the act of defendant Forman in physically restraining and handcuffing him constituted false arrest and false imprisonment. As to this claim, defendants challenge the element that the alleged confinement was unlawful. They contend that, if they are entitled to summary judgment on the malicious prosecution claim, they are entitled to summary judgment on this claim. For the same reasons as stated, <u>supra</u>, defendants' motion for summary judgment as to the claim of false arrest/ false imprisonment is denied.

**Claim for Trespass**

In plaintiff's complaint, he alleges that defendant Anderson's and Forman's actions in remaining on his property and entering his residence, despite being advised by him that they

were not needed constituted an unlawful trespass.  Defendants move for summary judgment as to this claim.

      Plaintiff's trespass claim was not included in the pretrial order lodged with the court.  By omitting from the pretrial order the trespass allegations of his complaint, plaintiff has voluntarily dismissed this claim.  See DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd., 268 F.3d 829, 841-42 & n.8 (9th Cir. 2001) (in determining the scope of the claims presented, "'[a] pretrial order generally supersedes the pleadings, and the parties are bound by its contents.'" (Quoting Patterson v. Hughes Aircraft Co., 11 F.3d 948, 950 (9th Cir. 1993)).

      However, even considering plaintiff's trespass claim, the court finds this claim is appropriate for summary judgment.  "Trespass to real property is an intentional entry upon the land of another by one not privileged to enter." Collier v. City of Portland, 57 Or. App. 341 344 (1982).  Here, the undisputed facts are that plaintiff agreed to defendant Anderson's request to check the house.  Consent is a defense to an action for trespass.  Hager v. Tire Recyclers, Inc., 136 Or. App. 439, 443, modified, 138 Or. App. 120 (1995).  Plaintiff asserts in his opposition to defendants' motion that he verbally consented to entry into his house but he did so only under duress after first asking defendants to leave.  However, plaintiff offers no evidence in support.  Accordingly, even considering plaintiff's trespass claim as a viable claim, defendants' motion for summary judgment is granted as to this claim.

## ORDER

      Based on the foregoing, it is ordered that defendants' motion for summary judgment (#26) be granted in part and denied in part:  defendants' motion for summary judgment as to

plaintiff's trespass claim is granted; and their motions as to plaintiff's malicious prosecution claim and false arrest and false imprisonment claim are denied.

IT IS SO ORDERED.

DATED this _____ day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE